**In re BIRMINGHAM ASBESTOS LITIGATION.**

**Reida H. UNDERWOOD, as Executrix of the Estate of Ernest Burtrand Hanks, deceased, Plaintiff–Appellant,**

v.

**ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants,**

**Asarco Incorporated, et al., Defendants–Appellees.**

**No. 91–7602.**

United States Court of Appeals, Eleventh Circuit.

July 24, 1992.

J. William Lewis, Environmental Litigation Group, Birmingham, Ala., for plaintiff-appellant.

Jack Hood, Crosby, Saad & Beebe, Birmingham, Ala., for appellees.

J. Glynn Tubb, Eyster, Key, Tubb, Weaver & Roth, Decatur, Ala., for M.H. Detrick Co.

William H. Mills, Redden, Mills & Clark, Birmingham, Ala., for Asarco Inc.

Norman Jetmundsen, Jr., T. Michael Brown, Michael D. McKibben and Walter Sears, III, Bradley Arant, Rose & White, Birmingham, Ala., for IREX Corp.

D. Jeffrey Campbell and Myron J. Bromberg, Porzio, Bromberg & Newman, Morristown, N.J., for Arsarco, Inc.

Hobart Grooms, Jr., E. Ann McMaham, Bert S. Nettles, and Lisa Paul Hodges, Spain, Sillon, Grooms, Blan & Nettles, Birmingham, Ala., for Ingersoll–Rand Co.

James Lewis Griffith, Slade H. McLaughlin, Griffith & Hemsley, Bala Cynwyd, Pa. and J. Ross Forman, III and John C. Morrow, Burr & Forman, Birmingham, Ala., for General Dynamics Corp.

Norwood S. Wilner, Spohrer, Wilner, Marees & Maxwell, Jacksonville, Fla., for Armstrong World Ind.

Richard W. Vollmer, III, Reams, Vollmer, Philips, Killion, Brooks & Schell, P.C., Mobile, Ala., for appellees.

Sydney F. Frazier, Jr., Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, Ala., for Bairnco Corp.

Before BIRCH, Circuit Judge, JOHNSON[*] and BOWNES,[**] Senior Circuit Judges.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF ALABAMA PURSUANT TO RULE 18 OF THE ALABAMA RULES OF APPELLATE PROCEDURE.

TO THE SUPREME COURT OF ALABAMA AND ITS HONORABLE JUSTICES:

It appears to the United States Court of Appeals for the Eleventh Circuit that this case involves a question of Alabama law which is determinative of the cause, but unanswered by controlling precedent of the Supreme Court of Alabama or any other Alabama appellate court. We therefore certify the question for resolution by the highest court of Alabama.

## I. STATEMENT OF THE CASE

This appeal arises from numerous asbestos personal injury and wrongful actions consolidated in the Northern District of Alabama on January 8, 1991. Count Two of each complaint sets forth a claim against parent corporations of the asbestos producers based upon section 315(a) of the Restatement (Second) of Torts. Section 315(a) states:

There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless

(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct....

*See* Restatement (Second) of Torts § 315(a) (1965). Plaintiffs/appellants in Count Two claimed that because the parent corporation (1) controlled or had the power to control subsidiaries producing asbestos, and (2) could reasonably foresee the health hazards posed by the intended uses of asbestos, the parent corporation under Alabama law shared a "special relationship" with its subsidiaries that conferred a duty to take reasonable steps to prevent such harm.

Various defendants/appellees ("the Companies") submitted motions to dismiss and/or motions for summary judgment as to Count Two of the complaints. On May 16, 1991, the district court held that Alabama law does not support the application

---

[*] *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

[**] Honorable Hugh H. Bownes, Senior U.S. Circuit Judge for the First Circuit, sitting by designation.

of a "duty to control" theory of liability in the context of a parent/subsidiary corporate relationship. Specifically, the lower court found this application of the duty to control doctrine inconsistent with the Alabama Supreme Court's prior holdings confining the liability of parent corporations to situations when the parent corporation so controlled the operation of the subsidiary corporation as to make it a mere adjunct, instrumentality, or alter ego of the parent corporation. *See, e.g. Duff v. Southern Ry. Co.,* 496 So.2d 760, 762 (Ala.1986); *Ex Parte Baker,* 432 So.2d 1281, 1284 (Ala. 1983). Accordingly, on June 13, 1991, the district court entered an order in which it stated, *inter alia,* that it would dismiss Count Two once all affected defendants had filed appropriate motions. After these motions had been filed, the district court on July 12, 1991, and July 16, 1991, granted the motions to dismiss Count Two and entered final judgment on the claim pursuant to Fed.R.Civ.P. 54(b). This appeal followed.

### II. QUESTION CERTIFIED TO THE SUPREME COURT OF ALABAMA

Because no Alabama case has directly addressed whether the "duty to control" doctrine may be applied to the context of the parent/subsidiary corporate relationship, we respectfully certify the following question to the Alabama Supreme Court:

> Whether under Alabama law the tort doctrine of "duty of control" could be applied to hold a parent corporation liable for the acts of its subsidiary?

The particular phrasing used to frame the question for certification is intended only as a guide and is not meant to restrict the Supreme Court of Alabama in its consideration of the issue or in the manner in which it gives its reply. The clerk of this court is directed to transmit this certificate as well as the briefs and record filed with the court to the Supreme Court of Alabama, and simultaneously to transmit copies of the certificate to the attorneys for the parties.

QUESTION CERTIFIED.